UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-80254-CIV-HURLEY/HOPKINS

TIARA CONDOMINIUM ASS'N, INC.,

    Plaintiff,

v.

MARSH USA, INC.,

    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

**THIS CAUSE** is before the court upon defendant's motion for attorneys' fees and costs [DE # 181] and the report and recommendation of the Honorable James M. Hopkins, United States Magistrate Judge, recommending that the court grant in part defendant's motion [DE # 214]. Plaintiff Tiara Condominium Ass'n, Inc. ("Tiara") and defendant Marsha USA, Inc. ("Marsh") object to the report and recommendation [DE # 215, 216]. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the court reviews *de novo* those portions of the magistrate judge's report and recommendation to which objections have been made.

This case arises from the efforts to rebuild the Tiara condominium building following the two hurricanes that struck South Florida in September 2004. In 2002, Tiara retained Marsh, an insurance broker, to render advice and make recommendations regarding insurance policies. Marsh proposed that Tiara purchase wind-damage insurance from Citizens Property Insurance Corporation ("Citizens") with a per occurrence limit of roughly $50 million. Tiara's board accepted the recommendation and purchased the policy. After two hurricanes struck South Florida and caused

extensive damages to its building, Tiara sought and received assurances from Marsh that two policy limits were available to Tiara because each hurricane constituted a separate occurrences under the policy. Citizens took the contrary view that Tiara was entitled to only one policy limit. Tiara sued Citizens to recover the second policy limit, and the two ultimately settled the litigation for about $10 million less than Tiara would have been entitled to under its interpretation of the insurance policy. Tiara then filed suit against Marsh, asserting claims for, *inter alia*, breach of contract and negligence.

On June 26, 2009, Marsh presented an offer of judgment to Tiara in the amount of $70,000 pursuant to Florida's offer of judgment statute, which provides that "[i]n any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff . . . the defendant shall be entitled to recover reasonable costs and attorney's fees . . . if the judgment is one of no liability." Fla. Stat. § 768.79. Tiara rejected Marsh's offer of judgment. On March 3, 2009, a judgment of no liability was entered in favor of Marsh. *See* DE # 179 (granting summary judgment in favor of Marsh on all claims). Tiara then filed the instant motion, seeking $2,749,452 in attorneys' fees and $169,287 in costs under Florida's offer of judgment statute. The court referred the motion to the magistrate judge, whose report recommended that the court grant in part Marsh's motion, allowing recovery of $1,775,602.50 in fees and $26,196.08 in fees.

Tiara lodges three principal objections to the report and recommendation. First, Tiara contends that the offer of judgment was invalid because it failed to include a certificate of service, as required by Rule 1.442(c)(2)(G). *See* Fla. R. Civ. P. 1.442(c)(2)(G) ("A proposal shall . . . include a certificate of service in the form required by rule 1.080(f)."). The report and recommendation determined that Rule 1.442(c)(2)(G) is procedural for *Erie* purposes and thus does not apply here. The court agrees with the magistrate judge's determination. *See Arnoul v. Busch Entm't Corp.*, 2008

WL 5341148, *3 (M.D. Fla. Dec. 19, 2008) (observing that "Rule 1.442 merely governs procedural matters"); *Owner-Operator Indep. Drivers Ass'n, Inc. v. 4 points Logistics, LLC*, 2007 WL 2789265 (S.D. Fla. Sept. 24, 2007) (remaking on the "general authority suggesting that Rule 1.442 is merely procedural in nature"); *cf. MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282-83 (9th Cir. 1999) (holding that, because the "only procedure for notifying a plaintiff of an offer of judgment in federal court is set forth in Federal Rule 68," the defendant need not follow Nevada's offer of judgment procedures). Since no federal rules requires an offer of judgment to include a certificate of service, whether one was included in Marsh's offer of judgment has no bearing on Marsh's motion for fees. The court will thus overrule the first objection.

    Second, Tiara contends that the offer of judgment was not made in good faith, because it was unjustifiably small relative to Marsh's potential exposure and made before the parties conducted any discovery. "The court may, in its discretion, determine that an offer was not made in good faith [and] disallow an award of costs and attorney's fees." Fla. Stat. § 768.79(7)(a). Tiara bears burden of proving the absence of good faith. *See, e.g., Gurney v. State Farm Mut. Auto. Ins. Co.*, 889 So.2d 97, 99-100 (Fla. 5th DCA 2004). The report and recommendation concluded that Tiara failed to carry its burden of proving bad faith. The court finds that determination to be sound and well reasoned. Although Marsh's $70,000 offer of judgment was essentially nominal, so too was the prospect of an adverse judgment against it given its significant, and ultimately meritorious, defenses. *See Neptune Beach v. Smith*, 740 So.2d 25, 27 (Fla. 1st DCA 1999) (a nominal offer is not suspect merely because it is nominal); *Camejo v. Smith*, 774 So2.d 28, 29 (Fla. 2d DCA 2000) ($100 offer of judgment made in good faith). Moreover, the lack of discovery does not establish bad faith given the "almost five months and hundreds of hours [Marsh spent] analyzing [Tiara's] allegations,

reviewing documents, speaking to witnesses, and researching relevant case law" before making the offer of judgment. Kamin Aff. ¶ 24, DE 183-1. The second objection is thus without merit.

Third, Tiara objects to the amount of attorneys' fees recommended by the magistrate judge. Tiara contends that the magistrate judge erred in recommending an award of attorneys' fees based upon New York market rates. The "general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). This case was filed in New York, and thus New York rates properly apply. Tiara further contends that the fees recommended by the magistrate judge were excessive, even for the New York market. The magistrate judge's report considered the case law, a National Law Journal survey, and the 21% fee discount given by Marsh's attorneys; determined that Marsh's discounted hourly rates were above New York market rates; and found that a range of $225 for a junior associate to $675 for a senior partner was reasonable. After reviewing the magistrate judge's report, Tiara's objections, and the case law, the court agrees with the magistrate judge's finding.

Marsh also objects to the magistrate judge's report, arguing that the magistrate judge erred in recommending the exclusion of all time billed by Russell D. Morris, Esq., a senior associate assigned to the case. The report and recommendation observed that the case was overstaffed and noted that Mr. Morris's records were so vague and heavily redacted that Marsh was not entitled to recover his fees. After reviewing the report and recommendation, Mr. Morris submitted a sworn declaration, describing his involvement in the case, and supplemented the record with more detailed time records. It is true, as Marsh argues, that Mr. Morris's revised time records as a whole are not so vague as to warrant complete exclusion of his claimed fees. Nonetheless, the court agrees with

Order Adopting Report and Recommendation
Tiara Condominium Ass'n, Inc. v. Marsh USA, Inc.
Case No. 08-80254-CIV-HURLEY/HOPKINS

the magistrate judge's finding that the case was overstaffed given the nature of the legal issues involved. The court concludes that the exclusion of Mr. Morris's fees is appropriate and that the aggregate amount of reasonable hours recoverable is 4,475.9, as recommended by the magistrate judge. The court will therefore overrule Marsh's objection.

Upon review of the report of the magistrate judge, it is hereby **ORDERED** and **ADJUDGED**:

1. The parties' objections to the magistrate judge's report [DE # 215, 216] are **OVERRULED**.

2. The Report and Recommendation of the United States Magistrate Judge [DE # 214] is **ADOPTED** in its entirety and incorporated herein by reference.

3 Defendant Marsha USA, Inc.'s motion for attorneys' fees and costs [DE # 181] is **GRANTED IN PART**.

4. Pursuant to Rule 58, the court shall issue final judgment by separate order.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 22nd day of March, 2010.

Daniel T.K. Hurley
United States District Judge

*Copies provided to counsel of record*