UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80254-Civ-Hurley/Hopkins

TIARA CONDOMINIUM ASSOC. INC.,

    Plaintiff,

vs.

MARSH & MCLENNAN COMPANIES, INC.,
MARSH, INC., and MARSH USA, INC.,

    Defendants.

_____/



## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES (DE 252)

**THIS MATTER** has come before this Court upon an Order Referring Defendant Marsh USA, Inc.'s Supplemental Motion for Attorneys' Fees to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 253).

## BACKGROUND

In 2008, Plaintiff initiated this breach of contract lawsuit relating to property damage it sustained during the 2004 Florida hurricane season. (DE 57). On March 3, 2009, the District Court granted Defendant's Motion for Summary Judgment, and entered judgment in favor of Defendant, finding that Defendant Marsh did not breach its contract with Plaintiff. (DE 179 at pages 5-7).[1]

Within one month after the District Court's entry of judgment, Defendant moved for

---

[1] Plaintiff filed a notice of appeal for this judgment on April 1, 2009. (DE 185).

1

recovery of its attorneys' fees and costs dating back to June 26, 2008, when Defendant made an offer of judgment that Plaintiff ultimately rejected. (DE 181). On November 16, 2009, this Court issued a Report and Recommendation, finding that Defendant was entitled to recover attorneys' fees and costs incurred between June 26, 2008 and February 28, 2009 (the last date for which defense counsel provided billing records), in the amount of $1,801,798.58. (DE 214). On March 22, 2010, the District Court adopted this Court's recommendation and entered judgment accordingly. (DE 221, 222).[2]

Three months later on July 1, 2010, Defendant filed a Supplemental Motion seeking recovery of its post-judgment attorneys' fees from March 1, 2009 through April 30, 2010. (DE 252). Defendant contends that it is entitled to recover the attorneys' fees it incurred while litigating its entitlement to attorneys' fees, as well as for time defense counsel was compelled to spend responding to Plaintiff's numerous post-judgment filings, all of which were rejected by the Court. Specifically, Defendant notes that Plaintiff: (1) filed post-judgment motions for reconsideration, a stay of execution, and a waiver of the supersedeas bond; (2) filed objections to this Court's Report and Recommendation; and (3) impeded Defendant's efforts to collect on the judgment by filing motions to quash Defendant's requests for writs of garnishment and moving for a protective order to prevent Defendant from taking depositions in aid of execution. *See* Affidavit of Christopher J. St. Jeanos, Esq. (DE 252 ¶ 6,7).

Plaintiff filed a response to Defendant's Supplemental Motion for Attorneys' Fees on July 19, 2010. (DE 254). In its response, Plaintiff contends that Defendant is not entitled to a supplemental fee award. Plaintiff contends that (1) this Court lacks jurisdiction to hear the

---

[2] Plaintiff filed a notice of appeal for this judgment on April 6, 2010. (DE 225).

motion in light of the pending appeal on attorneys' fees; (2) Defendant waited too long to file its supplemental motion for attorneys' fees; and (3) Defendant is not entitled to an award of fees under Fla. Stat. §768.79 because this case was initially filed in New York. Defendant filed its reply papers on July 29, 2010. (DE 257).

Then, on September 16, 2010, Defendant Marsh filed a Notice of Partial Withdrawal of its motion, agreeing to deduct $275,924.80 from its supplemental fee request. (DE 259). According to Defendant Marsh, this amount represents the time defense counsel spent on the pending appeal before the Eleventh Circuit. For purposes of this Supplemental Motion, Defendant has agreed to limit its fee request to time spent on matters litigated before this Court, which Defendant calculates as totaling $434,170.20. (DE 259).[3]

## DISCUSSION

As a threshold matter, Plaintiff contends that this Court does not have subject matter jurisdiction to rule on Defendant's supplemental fee request because Plaintiff has two appeals currently pending before the Eleventh Circuit, one of which is Plaintiff's appeal of the initial attorneys' fee decision. Defendant argues that the pending appeals do not divest this Court of jurisdiction over its Supplemental Attorneys' Fee Motion because neither of the pending appeals involves the post-judgment fees presently before this Court.

It is well settled that the filing of a notice of appeal only "divests the district court of its control over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003)(citing *Griggs v. Provident Consumer*

---

[3] Based on Defendant's partial withdrawal, Plaintiff's objection to an award of appellate fees at this stage is now moot.

*Discount Co.*, 459 U.S. 56, 58 (1982)). It is also well settled that a district court can act on a motion for attorney's fees after a notice of appeal has been filed. *See Palmyra Park Hosp., Inc. v. Phoebe Putney Memorial Hosp., Inc.*, 688 F.Supp.2d 1356, 1358 (M.D. Ga. 2010)("The Eleventh Circuit has expressly held that a district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case")(*citing Rothenberg v. Sec. Mgmt. Co., Inc.*, 677 F.2d 64, 65 (11th Cir. 1982)). This is because the "imposition and the amount of attorneys' fees are always collateral to the merits of an action." *Golub v. J.W. Gant & Associates*, 863 F.2d 1516, 1518, n.1 (11th Cir.1989). *See also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 201 (1988)("As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain.").

However, the issue of jurisdiction becomes murkier when the attorney's fee motion pending before the district court is intended to supplement an initial attorney's fee award, which is in the process of being appealed.

Plaintiff relies on *Echols v. Parker*, 909 F.2d 795 (5th Cir. 1990) for the proposition that an appeal of an attorney's fees judgment divests a district court of jurisdiction over any attorney's fees issues. (DE 254 at page 6). While the motion in *Echols* sought to *correct* an attorney's fee award, the Court in *Echols* construed it as a "supplemental" motion, and the Fifth Circuit concluded that the district court did not have jurisdiction to consider the motion because of the related issues pending on appeal. *Echols*, 909 F.2d at 797-802, (*citing Willie v. Continental Oil Company*, 746 F.2d 1041, 1045-46 (5th Cir. 1984)).

Similarly, here, Plaintiff's appeal of the initial attorneys' fee award divests this Court of jurisdiction to consider a supplemental motion which involves common issues to those presently

on appeal. Although none of the specific fees sought in Defendant's Supplemental Motion overlap those sought in the initial fee request, this Court finds that the overarching issues of Defendant's entitlement to attorney's fees and the Court's application of New York hourly rates – issues which are presently pending before the Eleventh Circuit – prevent this Court from making a determination as to any supplemental fee award at this time.

Moreover, given Defendant's partial withdrawal of its request for attorneys' fees relating to the appeal, it seems likely that if Defendant prevails at the appellate level, Defendant will file a motion for attorneys' fees with the Eleventh Circuit pursuant to 11th Cir. R. 39-2, and that such motion will likely be remanded to this Court. *See Marston v. Red River Levee & Drainage District,* 632 F.2d 466, 468 (5th Cir. 1980)(noting that appellate courts' "preferred procedure" for handling motions for appellate attorneys' fees is to remand the determination to the district court). Therefore, in the interest of judicial economy, it would be prudent for this Court to address Defendant's supplemental fee request and any appellate fee request simultaneously, once the appellate issues are resolved.

## REPORT AND RECOMMENDATION TO THE DISTRICT COURT

Given that the District Court's initial award of attorneys' fees is currently pending on appeal, this Court **RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE TO RENEW** Defendants' Supplemental Motion for Attorneys' Fees. (DE 252).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern

District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 1st day of December, 2010 at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*
_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Counsel of Record